OPINION OF THE COURT
Edward S. Conway, J.
The Rochester Gas & Electric Corporation (hereinafter Rochester) has instituted an action seeking a declaratory judgment that the Public Service Commission’s (hereinafter PSC) application of Public Service Law § 66-d (2) violates its right to due process. The respondent PSC makes a motion for an order converting this action into a CPLR article 78 proceeding and thereafter rendering judgment on the respondent or, in the alternative, for an order granting summary judgment to the respondent on the grounds that there are no material issues of fact.
Rochester opposes the respondent’s motion and cross-moves for a preliminary injunction prohibiting the PSC from putting into effect during the pendency of this action gas transportation tariff leaves submitted by Rochester pursuant to the PSC’s directive. Rochester also cross-moves for summary judgment for the relief demanded in the complaint.
Rochester is a regulated utility engaged in the business of purchasing, distributing and selling natural gas to residential, *802 commercial and industrial customers in the seven-county area surrounding and including the City of Rochester. It has never provided gas transportation to a producer or end-user within its service territory.
On October 31, 1983, the PSC instituted a proceeding to determine whether and with what restrictions transportation of customer-owned gas should be authorized by releasing to PSC staff memorandum recommending that the PSC consider requiring that gas distribution companies file tariff leaves governing the transportation of customer-owned gas. Rochester, among others, submitted comments to the PSC contending that the PSC lacked the statutory authority as well as the constitutional power to compel gas utilities to hold themselves out as common carriers of gas owned by others.
In April of 1984, the PSC issued opinion No. 84-13 in which it ordered distribution companies to file transportation tariffs to remain in effect for an experimental two-year period. On July 24, 1984, the Legislature enacted Public Service Law § 66-d (2) which required gas corporations to transport or contract with others to transport customer-owned gas at just and reasonable rates following notice and a hearing.
The PSC then issued an order allowing interested parties an opportunity to show cause why distribution companies should not be obligated to provide gas transportation service and file tariffs in accordance with opinion No. 84-13. It conducted a formal evidentiary hearing at which the utilities submitted testimony and exhibits. On March 22, 1985, the PSC issued a final opinion and order requiring the utilities, including Rochester, to file gas transportation leaves (opinion No. 85-6).
Rochester thereupon instituted this action alleging: (1) that section 66-d (2), insofar as it authorizes the PSC to require the filing of gas transportation tariff leaves, interferes with petitioner’s right to use and enjoy its property for its own purposes and thereby violates its right to due process; (2) section 66-d (2) converts Rochester into a common carrier by requiring it to hold itself out for the transportation of customer-owned gas and thereby violates its right to due process; and (3) the PSC’s opinion No. 85-6 designs gas transportation rates which do not recover certain nonusage related costs recovered from other customers and thereby discriminates against petitioner and its gas service customers in preference to transportation customers.
In challenging the constitutionality of Public Service Law § 66-d (2), Rochester bears a heavy burden of establishing unconstitutionality beyond a reasonable doubt. It has failed to do *803 so, in this court’s opinion. The statute carefully limits a utility’s transportation obligations and, in so doing, makes transportation service subservient to the demands of other end-users. The statute directs utilities to serve only large volume users, and even then, to do so only when the company has available capacity and transportation will not impair its ability to render adequate service to its customers. Further, the State government may enact reasonable measures controlling the use of utility property to safeguard the public interest, and this statute represents a rational and lawful exercise of the Legislature’s authority to regulate the use of utility property (see, Matter of Public Serv. Commn. v Jamaica Water Supply Co., 42 NY2d 880; Matter of Brooklyn Union Gas Co. v Public Serv. Commn., 101 AD2d 453). Classifications of rates are for the agency (PSC), not the courts, to decide (see, City of Rochester v Rochester Gas & Elec. Corp., 233 NY 39, 49) and courts should not substitute their judgment for that of the Public Service Commission in such cases where the rates are rational and fully supported by the record.
The petitioner’s motion for a preliminary injunction is denied as there is no likelihood of ultimate success on the merits. The respondent’s motion for summary judgment dismissing the complaint is granted, and the petitioner’s cross motion for summary judgment is denied.